UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES DAVIS            :
                       :
v.                     :     C.A. No. 19-00151-WES
                       :
MAUREEN DROHAN, et. al. :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On March 26, 2019, Plaintiff filed his pro se "Complaint 42 USC § 1983" alleging violations of the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, and related Constitutional claims. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff and Co-defendant Maureen Drohan are parents of D.D., a minor. Plaintiff alleges that he was granted full physical and legal custody of D.D. by an Order of the State

of Georgia Superior Court on January 31, 2018.  (ECF Doc. No. 1 at p. 1).  Plaintiff contends that Maureen Drohan conspired with her sister, Co-defendant Kathleen Drohan, and another individual to remove D.D. from Georgia and bring him to Rhode Island on November 15, 2018.  Id. at pp. 1-2.  After arriving in Rhode Island, Plaintiff alleges that Maureen Drohan sought and received an emergency custody order from the Rhode Island Family Court.  Id. at p. 2.  Plaintiff claims he sought assistance from the police in Roswell, Georgia, and they arranged with North Providence Police for Plaintiff to come to Rhode Island and pick up D.D.  Id. at p. 3.

When Plaintiff attempted to retrieve D.D. in Rhode Island, he learned that D.D. was admitted to Hasbro Children's Hospital after an alleged suicide attempt.  Id. at pp. 3-4.  Plaintiff alleges that after D.D. was cleared for release from the hospital, D.D. told officials that he would "hurt himself if he goes with Plaintiff."  Id.  Plaintiff was informed that the Rhode Island Department of Children, Youth and Families ("DCYF") was taking custody of D.D. to investigate those and other allegations made by D.D.  Id.

Plaintiff's claims against Rhode Island DCYF, "Rhode Island Hospital Hasbro" and the Providence Police all contain the identical allegation that Defendants "interfered with the Georgia custody Order" in violation of the United States Constitution.  Id. at pp. 4-5.  Plaintiff also alleges race discrimination and violation of due process by those Defendants.  Further, Plaintiff alleges that Maureen Drohan and Kathleen Drohan violated the PKPA.  Id. at p. 5.  He makes no specific claims against the North Providence Police Department, although they are named in the case caption and mentioned in the narrative.  Finally, Plaintiff has sued both Rhode Island Hospital and Hasbro Children's Hospital, but refers to them

interchangeably and notes that his minor son was treated at Hasbro Children's Hospital. He seeks damages of $100,000,000.00 from each Defendant.

After reviewing the entirety of the pleadings filed in this case, the Court has determined that all of Plaintiff's claims stem from a dispute concerning the custody Order from the State of Georgia and a potentially competing Order entered in Rhode Island. Such claims concerning child custody decrees are barred in this Court under the domestic relations exception to the Court's diversity jurisdiction. "The domestic relations exception to diversity jurisdiction applies when 'the claim at issue is one to obtain, alter or end a divorce, alimony or child custody decree.'" Behroozi v. Behroozi, C.A. No. 15-536-S, 2017 WL 933059 at *1 (D.R.I. Mar. 8, 2017) (quoting Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001) (emphasis omitted)). In the present case, Plaintiff has attempted to invoke the Court's federal question subject matter jurisdiction by pleading those claims under the PKPA and by purporting to mount constitutional claims against various Defendants. Nevertheless, he has not stated any viable federal claims nor any legal basis for this Court's jurisdiction. As explained below, the PKPA does not provide a private right of action in this Court, and any remaining claims must fail because they remain barred by the domestic relations exception. (See Behroozi, 2017 WL 933059 at *1) (noting that the domestic relations exception precludes claims "even where they are cloaked in the trappings of another type of claim.").

As to the PKPA claim, the District of Puerto Rico has observed that, after "reviewing the background, language, and legislative history of the PKPA," the Supreme Court "held that it does not create a private right of action in federal court to determine the validity of two conflicting custody decrees." Wasko v. Commonwealth of Puerto Rico, 185 F. Supp.

2d 136, 142 (D.P.R. 2002) citing Thompson v. Thompson, 484 U.S. 174 (1988). The First Circuit Court of Appeals echoed that finding and stated that "the PKPA does not provide an implied private federal cause of action to determine which of two conflicting state custody decrees is valid. The PKPA is addressed to the States and state courts. Congress did not intend thereby to entangle the federal courts in traditional domestic relations questions that 'they have little expertise to resolve.'" Nwankwo v. Nwankwo, 993 F.2d 1530 (1st Cir. 1992) (internal citation omitted). Accordingly, Plaintiff's PKPA claim fails.

The remaining claims in the Complaint are not well pled, and they all relate to the child custody dispute. Although Plaintiff has captioned the case as an action under 42 U.S.C. § 1983 and claims he has been discriminated against and suffered a violation of due process, Plaintiff does not sufficiently articulate the factual bases for his causes of actions. The Court of Appeals has rejected the attempt to shoehorn claims into federal court in this manner. "[W]here the suit's transparent purpose is to embroil the district court in a dispute involving conflicting custody decrees, the suit must be dismissed for lack of subject matter jurisdiction." Nwankwo v. Nwankwo, 993 F.2d 1530 (1st Cir. 1992). In summary, this Court lacks jurisdiction under the PKPA, and none of the other purported federal claims are well pled.[1]

---

[1] Plaintiff first filed this pro se Complaint in the Northern District of Georgia, Davis v. Drohan, C.A. No. 18-5403-TWT. That Court summarily dismissed the non-Rhode Island Defendants from the action, noting that it "lacks personal jurisdiction over the Rhode Island Defendants." Davis v. Drohan, C.A. No. 18-5403-TWT. (ECF Doc. No. 5 at p. 1). Nevertheless, the Court permitted the claims against Maureen Drohan to proceed, and the case remains pending there. Accordingly, the present action may also properly be dismissed on the grounds that is it duplicative of that case.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2019